UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-07517-MWC-AJR | Date: September 3, 2025 |
| | Page 1 of 5 |

Title: Rodney Compton v. Warden

---

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION, OR IN THE ALTERNATIVE, TRANSFERRED TO THE WESTERN DISTRICT OF MICHIGAN**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

## I.  INTRODUCTION

On August 11, 2025, *pro se* Petitioner Rodney Compton ("Petitioner"), who is presently incarcerated at the Federal Correctional Institution in Herlong, California filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1 at 2, 6.)[1] Petitioner seeks resentencing on the ground that his presentence investigation report contained errors. (Id. at 3 ("I was given 4 points for 4 separate possession of marijuana cases. These cases are no longer on my record, therefore my P.S.R. should be re-calculated and I should be re-sentence[d].").)

---

[1] For ease of reference and clarity, the Court cites to the CM/ECF pagination on the top of each page.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:25-cv-07517-MWC-AJR                              Date: September 3, 2025
                                                                                       Page 2 of 5

Title:     Rodney Compton v. Warden

      As set forth below, the Court has reviewed the Petition and finds that the Petition appears subject to dismissal because it improperly challenges the validity of Petitioner's federal sentence, which is only cognizable under 28 U.S.C. § 2255 in the sentencing court, the U.S. District Court for the Western District of Michigan.

## II.     DISCUSSION

### A.     The Petition Cannot Proceed Under 28 U.S.C. § 2241 In This Judicial District.

      "Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*) (internal quotation marks and citation omitted). "[T]o determine whether jurisdiction is proper, [the Court] must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Id. "[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . ." Id. Here, Petitioner is currently incarcerated in Herlong, California, which is located within Lassen County. (Dkt. 1 at 1.) Lassen County is located within the jurisdictional boundaries of the Eastern District of California. See 28 U.S.C. § 84(b). However, if a petition falls under § 2255, it may only be brought before the sentencing court, which in this case is the Western District of Michigan. See Hernandez, 204 F.3d at 865; (Dkt. 1 at 2).

      "In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(a)). There is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07517-MWC-AJR  Date: September 3, 2025
Page 3 of 5

Title:  Rodney Compton v. Warden

narrow exception, however, set forth under the "savings clause" of § 2255, which permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Hernandez, 204 F.3d at 864-65 (internal quotation marks omitted); see also 28 U.S.C. § 2255(e) (an application for a writ of habeas corpus by a prisoner in federal custody must be presented to the sentencing court as a motion under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention").

Here, Petitioner seeks resentencing based on alleged errors in his presentence report. Such a claim challenges the validity of his sentence, not the manner of execution of that sentence. Accordingly, the proper vehicle is a motion under § 2255, not a habeas petition under § 2241. See, e.g., Wright v. Martinez, 2019 WL 2089494, at *1 (C.D. Cal. May 13, 2019) ("Because Petitioner challenges the terms stated in his sentence, and seeks a resentencing, the appropriate avenue for relief appears to be § 2255 rather than § 2241.").

**B.  The Petition May Only Proceed Under 28 U.S.C. § 2255 In The Western District Of Michigan.**

Because Petitioner challenges the validity of his sentence based on alleged errors in his presentence investigation report, his claims fall outside the narrow scope of the § 2255(e) savings clause. The Ninth Circuit has consistently held that the savings clause is not triggered merely because a § 2255 motion may be procedurally barred, untimely, or successive. See Lorentsen, 223 F.3d at 953 ("[T]he general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective.'"); Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). Rather, to qualify under the savings clause, a petitioner must show both (1) that he is actually innocent of the offense or otherwise stands convicted of conduct that the law does not make criminal, and (2) that he has not had an unobstructed procedural shot at raising that claim. See id.; Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.     2:25-cv-07517-MWC-AJR            Date: September 3, 2025
                                              Page 4 of 5

Title:      Rodney Compton v. Warden

    Here, Petitioner makes no showing of actual innocence and identifies no intervening change in law rendering his conduct non-criminal. Instead, he alleges only that his presentence report contained errors that affected his sentence. Such claims, even if true, go to the correctness of the sentence imposed, not to the criminality of the underlying conduct. See Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012) (challenge to noncapital sentencing enhancements not cognizable under savings clause).

    Moreover, Petitioner has not shown that he lacked an unobstructed procedural shot to raise his presentence report claim in the sentencing court. Errors in a presentence report are properly raised on direct appeal or through a timely § 2255 motion, both of which were available to Petitioner. The fact that he may have failed to pursue or succeed on those remedies does not render § 2255 "inadequate or ineffective." See Ivy, 328 F.3d at 1060.

    Accordingly, because Petitioner does not qualify under the savings clause of § 2255, jurisdiction lies exclusively with the sentencing court, which is the Western District of Michigan. This Court lacks authority to resentence Petitioner or to correct alleged errors in the sentencing proceedings.

    When a civil action, including a habeas petition, is filed in a court lacking jurisdiction, transfer may be appropriate under 28 U.S.C. § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001). Here, all three factors are met: this Court lacks jurisdiction under § 2241; the Western District of Michigan, as the sentencing court, has jurisdiction under § 2255; and transfer would avoid unnecessary dismissal and refiling, thereby serving the interests of justice.

### III.    ORDER

    For the foregoing reasons, the Court finds it plainly appears from the face of the Petition that Petitioner is not entitled to relief in this Court. The Petition challenges the validity of Petitioner's 2020 sentence and therefore must be brought, if at all, under 28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:25-cv-07517-MWC-AJR | Date:  September 3, 2025 |
| | Page 5 of 5 |

Title:     Rodney Compton v. Warden

U.S.C. § 2255 in the sentencing court, the U.S. District Court for the Western District of Michigan.

    Accordingly, Petitioner is **ORDERED TO SHOW CAUSE**, no later than **September 24, 2025**, why this Court should not recommend that the Petition be dismissed without prejudice for lack of jurisdiction or, in the alternative, why this Court should not transfer the Petition to the U.S. District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1631.

    Petitioner is advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).[2]  A form Notice of Dismissal is attached for Petitioner's convenience.

    **Petitioner is further advised that if he fails to timely respond to this Order to Show Cause, or fails to show why this action is not unexhausted, the Court may recommend that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

    IT IS SO ORDERED.

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).

---

[2] Petitioner is advised that any later motion under 28 U.S.C. § 2255 will be subject to the one-year statute of limitations set forth in § 2255(f).  That statute provides that the limitations period runs from the latest of:  (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful governmental impediment to filing is removed; (3) the date on which the Supreme Court initially recognizes the asserted right and makes it retroactively applicable; or (4) the date on which the facts supporting the claim could have been discovered through due diligence.  See 28 U.S.C. § 2255(f).